**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JEFFREY O'NEIL HARRISON                    *

                 Plaintiff *pro se*            *

    v.                                          *            Civil Action No.  GLR-12-3435

OFFICER RONNIE J. GEORGIEFF        *
COUNTY EXECUTIVE KEVIN KAMENETZ
TOMMIE E. THOMPSON, SR.              *

               Defendants                 *
                        ***

**MEMORANDUM**

Plaintiff Jeffrey O'Neil Harrison ("Harrison") brings this action under 42 U.S.C. § 1983, alleging violations of the United States Constitution, federal, and state law arising from his arrest and demanding compensatory and punitive damages.  Harrison is charged in the District Court for Baltimore County with obtaining goods by forgery, issuing false documents, theft over $10,000, unauthorized removal of property, and second-degree assault.[1]  Plaintiff's financial affidavit demonstrates that he qualifies as an indigent and his Motion to Proceed in Forma Pauperis will be granted.  For reasons to follow, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)[2] and the Motion to Appoint Counsel will be denied as moot.

Plaintiff's challenge to his arrest and pending criminal charges are barred under the abstention doctrine of Younger v. Harris, 401 U.S. 37, 59 (1971).  Younger establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary

---

[1] http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=1C00373010&loc=33&detailLoc=DSCR.

[2] This Court must dismiss any claim in a case proceeding in forma pauperis prior to service of process where the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

circumstances.  Id. at 44.   Plaintiff has not alleged that pending state court proceedings will fail to provide him adequate opportunity to raise his federal constitutional claims.   In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system.

Further, a claim for damages challenging the legality of conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  See Heck v. Humphrey, 512 U.S. 477, 483-89 (1994).   Based on the foregoing, dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) and appointment of counsel is unwarranted.   A separate Order follows.

December 11, 2012                                        /s/
                                          _____
                                          George L. Russell, III
                                          United States District Judge

2